## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gerald R. Hutchinson,                                          Civil No. 13-137 (DWF/SER)

　　　　　　　　Plaintiff,

v.                                                                                              **ORDER**

Officer David Stokes, Officer Laura
Boulduan, and Officer Jeffrey Lewis, in their
individual capacities; and City of St. Paul,

　　　　　　　　Defendants.
_____

Paul Applebaum, Esq., and Andrew Irlbeck, Esq., Applebaum Law Firm, counsel for
Plaintiff.

Margaret A. Skelton, Esq., and Timothy A. Sullivan, Esq., Ratwik, Roszak & Maloney,
P.A., counsel for Defendant Officer David Stokes.

Adam M. Niblick, Assistant City Attorney, St. Paul City Attorney's Office, counsel for
Defendants Officer Laura Boulduan, Officer Jeffrey Lewis, and the City of St. Paul.
_____

　　　　This matter came before the Court for pretrial hearing on October 8, 2014.

Consistent with, and in addition to the Court's rulings and remarks from the bench, and

based upon the memoranda, pleadings, and arguments of counsel, and the Court being

otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

　　　　1.　　　Plaintiff's Motions *in Limine* (Doc. No. [57]) are **GRANTED IN PART**

and **DENIED IN PART** as follows:

　　　　　　　　a.　　　Plaintiff's motion to exclude evidence regarding Plaintiff's false

statements to a police officer in 1973 is **GRANTED** pursuant to the Court's Rule

403 analysis.

b.      Plaintiff's motion to exclude evidence regarding Plaintiff's simple robbery conviction in 1973 and indecent exposure conviction in 1982 is **GRANTED** pursuant to the Court's Rule 104, Rule 403, and Rule 609 analysis.

c.      Plaintiff's motion to exclude evidence or testimony regarding Ms. Debbie Hayden's Order for Protection against Plaintiff is **GRANTED** pursuant to the Court's Rule 104 and Rule 403 analysis.  However, the Court reserves the right to revisit this issue in the event that either party contends that the other has "opened the door" during trial.

d.      Plaintiff's motion to exclude evidence or testimony regarding Plaintiff's familial relation to an individual charged in the murder of Officer James Sackett is **DENIED AS MOOT** as Defendants have indicated that they do not intend to elicit or present such evidence or testimony.

e.      Plaintiff's motion to instruct the jury that Plaintiff was never charged nor convicted of any crimes arising out of the March 28, 2006 incident or the murder of Officer James Sackett is **DENIED**.  Absent further order by the Court, neither party shall discuss nor reference whether Plaintiff was charged or convicted of any crimes arising out of this incident or the murder of Officer James Sackett.  However, the Court reserves the right to revisit this issue prior to final jury instructions.  In revisiting this issue, the Court will consider both the manner and timing of each relevant jury instruction.

2.      Defendant Officer David Stokes' ("Stokes") Motions *in Limine* (Doc.

No. [44]) are **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Defendant Stokes' motion to prohibit Plaintiff or any witness from

presenting from presenting testimony, documentary evidence, or argument

regarding any Internal Affairs investigations, recommendations, preliminary

discipline, or final discipline related to the facts underlying this case is

**GRANTED** pursuant to the Court's Rule 403 analysis.  The Court also concludes

that to the extent that the internal records reference Defendant Officers'

commendation histories, such evidence shall be presumptively inadmissible

pursuant to the Court's Rule 104 and Rule 403 analysis.

b.      Defendant Stokes' motion to prohibit Plaintiff or any witness from

presenting testimony, documentary evidence, or argument regarding or calling into

question the lawfulness, reasonableness, or motivation for the Defendants' March

28, 2007 arrest of Plaintiff is **DENIED AS MOOT** as Plaintiff has indicated that

he does not intend to present such testimony, evidence, or argument.

c.      Defendant Stokes' motion to prohibit Plaintiff or any witness from

presenting testimony, documentary evidence, or argument regarding the Ramsey

County Attorney's Office's decision not to prosecute Plaintiff for incidents

underlying his March 28, 2007 arrest is **GRANTED**.  Absent further order by the

Court, neither party shall discuss nor reference whether Plaintiff was charged by

the Ramsey County Attorney's Office for any crimes arising out of this incident.

3

However, the Court reserves the right to revisit this issue prior to final jury instructions.

        d.      Defendant Stokes' motion to prohibit Plaintiff or any witness from presenting testimony, documentary evidence, or argument related to claims that have been dismissed from this lawsuit is **DENIED AS MOOT** as Plaintiff has indicated that he does not intend to present such testimony, evidence, or argument.

        e.      Defendant Stokes' motion to prohibit Plaintiff or any witness from presenting testimony, documentary evidence, or argument based upon any evidence that was not produced prior to the fact discovery deadline is **DENIED**.

      3.      Defendants Officer Laura Boulduan ("Boulduan"), Officer Jeffrey Lewis ("Lewis"), and the City of St. Paul's ("St. Paul") Motions *in Limine* (Doc. No. [38]) are **GRANTED IN PART** and **DENIED IN PART** as follows:

        a.      Defendants Boulduan, Lewis, and St. Paul's motion to prohibit Plaintiff, his counsel, and any witness from presenting testimony, documentary evidence, or argument regarding evidence of complaints, internal investigations, and officer discipline is **GRANTED** pursuant to the Court's Rule 403 analysis.

        b.      Defendants Boulduan, Lewis, and St. Paul's motion to prohibit Plaintiff, his counsel, and any witness from presenting testimony, documentary evidence, or argument regarding the disposition of the criminal investigation leading to Plaintiff's arrest is **GRANTED** pursuant to Court's Rule 403 analysis.

        c.      Defendants Boulduan, Lewis, and St. Paul's motion to prohibit Plaintiff, his counsel, and any witness from presenting testimony, documentary

evidence, or argument regarding opinion evidence on the causation of Plaintiff's

psychiatric condition(s) and the psychiatric records is **DENIED** as follows:

      i.     The motion is **DENIED** to the extent that Defendants seek to

prevent Plaintiff himself from testifying on the cause of his psychiatric

condition(s).  Such testimony shall be presumptively admissible, subject to

a proper foundation being established pursuant to Rule 104 and subject to

satisfying the evidentiary parameters of Article 4 and Article 7.  The Court

reserves the right to revisit the issue before or at trial.

      ii.    The motion is **DENIED** to the extent Defendants seek to

exclude Plaintiff's psychiatric records from Mount Olivet Counseling

Service, subject to a proper foundation being established pursuant to Rule

104 and subject to satisfying the evidentiary parameters of Article 4.  The

Court reserves the right to revisit the issue prior to or at trial.

     d.     Defendants Boulduan, Lewis, and St. Paul's motion to prohibit

Plaintiff, his counsel, and any witness from presenting testimony, documentary

evidence, or argument regarding race, ethnicity, and/or racial discrimination is

**DENIED AS MOOT** as Plaintiff has indicated that he does not intend to present

such testimony, evidence, or argument.

     e.     Defendants Boulduan, Lewis, and St. Paul's motion to prohibit

Plaintiff, his counsel, and any witness from presenting testimony, documentary

evidence, or argument regarding the City of Saint Paul's indemnification of the

Defendant Officers is **DENIED AS MOOT** as Plaintiff has indicated that he does not intend to present such testimony, evidence, or argument.

f.    Defendants Boulduan, Lewis, and St. Paul's motion to exclude any and all previously undisclosed documentary evidence is **GRANTED**.

g.    Defendants Boulduan, Lewis, and St. Paul's motion to exclude any references to Defendants' separate legal representation is **GRANTED**, absent further ruling by the Court.

4.    The Court receives Defendants' Joint Exhibits and addresses Plaintiff's objections as follows:

| Exhibit No. | Ruling |
|---|---|
| 1 | Sustained pursuant to Rule 801 |
| 2 | Sustained pursuant to Rule 801 and Rule 403 |
| 3 | Sustained pursuant to Rule 801 and Rule 403 |
| 4 | Sustained pursuant to Rule 801 and Rule 403 |
| 5 | Sustained pursuant to Rule 801 and Rule 403 |
| 6 | Sustained pursuant to Rule 801 and Rule 403 |
| 7 | Sustained pursuant to Rule 401, Rule 403, and Rule 404 |
| 8 | Sustained pursuant to Rule 401, Rule 403, and Rule 404 |
| 9 | Sustained pursuant to Rule 401, Rule 403, and Rule 404 |
| 10 | No objection |
| 11 | No objection |
| 12 | No objection |
| 13 | Sustained pursuant to Rule 401 and Rule 403 |
| 14 | Sustained pursuant to Rule 403 and Rule 703 |
| 15 | No objection |
| 16 | No objection |
| 17 | Overruled; exhibit excluded |
| 18 | No objection |

5.    The Court has reviewed Plaintiff's psychiatric records provided to the Court at the pretrial hearing on October 8, 2014.  The records are deemed presumptively admissible to the extent they reflect the Court's redactions in Attachment 1 to this Order,

which has been sent to the parties via e-mail.  Any documents not attached hereto are excluded as inadmissible pursuant to the Court's Article 4 and Article 8 analysis.

6.    Plaintiff and Defendants shall each be allotted 20 minutes for voir dire.

7.    Plaintiff and Defendants shall each be allotted 30 minutes for opening statements.


Dated:  October 9, 2014                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge